*Beach & Osfield* and *Stephen A. Cooke, Jr.*, for plaintiff.
*Pardon E. Tillinghast*, for defendant.

---

PROVIDENCE THREAD COMPANY *vs.* E. H. ALDRICH & CO.

A. indorsed a note made by W. and delivered it to W. to raise funds on. W. pledged it to P. for a debt due, which was afterwards paid. W., owing another debt to P., wrote to P., while the note formerly pledged was still in P.'s hands, that W. had arranged with his creditors for a time and wished the debt due to P. carried for a while, P. to hold as collateral as before, the note indorsed by A. A. was secured for his indorsement.

In an action by P. against A. the indorser:

*Held*, that the letter of W. to P. implied an actual pledge, and was not a mere offer to pledge.

*Held*, further, that P. could recover.

ASSUMPSIT. Heard by the court, jury trial being waived.

*February* 23, 1878. POTTER, J. Suit on a note for $2,500, due June 8, 1876. The defendants indorsed the note for the accommodation of F. W. Whipple, and delivered it to him for his use in raising money. This we think sufficiently appears. It was by Whipple pledged to the plaintiff for a debt due from him to the plaintiff. This debt was paid. Whipple being indebted to the plaintiff on another note for $1,673.44, becoming due March 18, 1876, on the 15th March wrote to the plaintiff, who still held the pledged note, not yet due, that he had ar-

ranged with his creditors for the next three or four weeks, and would like to have the $1,673.44 note carried along a little, and you, the plaintiff, hold the $2,500 note as collateral, as before. The note was not renewed, but no measures were taken for collecting it, and it was carried along as requested. The defendants had security for the indorsements.

It was contended for the defendants that Whipple's letter was a mere offer to pledge, and that there could be no contract until the offer was accepted and Whipple notified of it ; that the proposition contemplated a renewal of the note to be secured, or a putting it out of the power of the plaintiff to use it.

The plaintiff denies knowledge that the pledged note was an accommodation note. We do not consider this material, although we think it should have been known from the very fact that the note was in the hands of the nominal maker of it.

The defendants have referred to several authorities to show that an offer made in writing must be accepted in writing, or by some overt act, which is undoubtedly good law for the cases to which it applies. If a contract of this sort was proposed between parties through correspondence, and the person making the offer had the article to be pledged or sold in his own possession, the person making the offer would be entitled to be notified in some way that his offer was accepted.

But heret he note to be pledged was still in the hands of the person to whom the offer was made. There was no need of any transfer of possession. If the case had been tried before a jury, we think the court should have instructed the jury that they would have a right to infer the acceptance of the offer from the acts of the parties without. any formal notification of it.

In the present case the note to be secured was carried along although not renewed, which we do not think was required by the terms of the offer. The plaintiff did not demand payment of it, nor sue, nor attempt to collect it, nor was the plaintiff called upon by Whipple to return to him the note sued upon in this action.

The defendants, having put the indorsed note in Whipple's hands, had authorized him to use it for these purposes ; and whatever he did is as if they had done it themselves. Whipple might have applied to have the pledge redelivered to him, but he did not.

And as we are now, jury trial being waived, to decide the case both on the law and the facts, we think we have a right to infer from the acts of the parties that the offer was accepted, and that the plaintiff considered, and had a right to consider, that the note was pledged to it as security in the manner before stated.

*Judgment for plaintiff.*

*Charles A. Wilson,* for plaintiff.
*Edwin Metcalf,* for defendants.